# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BILL LIETZKE,

                Plaintiff,

v.

CITY OF MONTGOMERY, *et al*,

                Defendants.

Case No. 3:19-cv-00105-TMB

## **ORDER OF DISMISSAL**

On April 12, 2019, self-represented litigant Bill Lietzke filed a complaint with an exhibit labeled "Plaintiff's First Set of Interrogatories," along with a civil cover sheet and a Motion to Proceed In Forma Pauperis.[1] The cover sheet names the "City of Montgomery, et al, Kevin Murphy" as defendants.[2] Additionally, the cover sheet indicates that the complaint presents a federal question under 42 U.S.C. § 1983 and describes the cause of action as "LIBEL AND SLANDER, CIVIL RIGHTS VIOLATIONS."

The complaint alleges that the City of Montgomery defamed Mr. Lietzke by "interrogating the Plaintiff" after unnamed persons from the "First Baptist Church Montgomery" called the police with a report that he was "following a woman" and that he had entered the church premises.[3] Mr. Lietzke alleges that "unidentified,

---

[1] Dockets 1-3.

[2] Docket 2.

[3] Docket 1 at 2.

unspecified Defendants' misconduct and City of Montgomery police misconduct" violated his First and Fifth Amendment rights under the U.S. Constitution. Further, he alleges "righteous indignation and personal humiliation" was the "direct and proximate result of LIBEL AND SLANDER of the Defendants." The complaint does not mention or include allegations regarding Kevin Murphy.[4]

For relief, Mr. Lietzke requests "Punitive, Actual, and Compensatory Damages, and judgment therefore, against all Defendants for the total sum of $2,500,000,000.00."[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[6] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] *See* Docket 1.

[5] Docket 1 at 2.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

[7] 28 U.S.C. § 1915(e)(2)(B).

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 2 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 2 of 9

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 3 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 3 of 9

**DISCUSSION**

Mr. Lietzke's complaint alleges that he was subjected to libel, slander, and violations of his First and Fifth Amendment rights. The complaint fails to state a claim. The complaint fails to establish personal jurisdiction over the defendants and is filed in the incorrect venue. Additionally, Mr. Lietzke has filed these allegations in several district courts, therefore making the complaint frivolous. In this case, amendment would be futile; therefore, leave to amend will not be permitted.

<u>Failure to State a Claim</u>

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Lietzke is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

The complaint does not allege plausible facts that support violations of either First or Fifth Amendment rights, nor the torts of libel or slander. Mr. Lietzke fails to state a claim upon which relief may be granted.

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 4 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 4 of 9

## Personal Jurisdiction

The Court must have personal jurisdiction over the parties. Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[11] Under the Rules of Civil Procedure, personal jurisdiction may be established over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[12] If the defendant is located out-of-state, the United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[13] A plaintiff must show that an out-of-state defendant had sufficient minimum contacts with and in Alaska necessary as not to offend the "traditional notices of fair play and substantial justice."[14]

The complaint articulates that the events at issue occurred in Montgomery. The Court presumes this is Montgomery, Alabama, as there is no Montgomery,

---

[11] *Black's Law Dictionary* (10th ed. 2014).

[12] Fed. R. Civ. P. Rule 4(k)(1)(A).

[13] *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

[14] *Int'l Shoe*, 326 U.S. at 316 (citation and internal quotation marks omitted). Alaska's long-arm statute, AS 09.05.015(c), "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'" *Polar Supply Co., Inc. v. Steelmaster Industries, Inc.*, 127 P.3d 54, 56 (Alaska 2005) (citations omitted). "As the United States Supreme Court explained in *International Shoe Co. v. Washington,* due process requires that a defendant have 'minimum contacts' with the forum state such that maintaining a suit in the forum state 'does not offend 'traditional notions of fair play and

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 5 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 5 of 9

Alaska and because the address provided for the First Baptist Church Montgomery is located in Alabama. Moreover, Mr. Lietzke attempts to use Neveda state law to justify this Court's exercise of personal jurisdiction. Nevada state law does not apply here. The complaint does not establish any events or contacts that would give defendants reasonable notice of this Court's jurisdiction. Due to this lack of contacts, it would offend the traditional notices of fair play and justice for this Court to assert jurisdiction. Therefore, this Court has no personal jurisdiction over the defendants.

### Venue

A civil action must also be brought in the proper venue in order for a district court to have proper jurisdiction.[15] In general, a civil lawsuit is properly filed in "(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located," (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district where the suit can be brought then in a judicial district where "any defendant is subject to the court's personal jurisdiction."[16]

---

substantial justice.'" *In re Fields*, 219 P.3d 995, 1008 (Alaska 2009) (quoting *International Shoe*, 326 U.S. at 316).

[15] 28 U.S.C. § 1391.

[16] 28 U.S.C. § 1391(b).

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 6 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 6 of 9

Here, none of the defendants reside in the District of Alaska, nor do the alleged events take place in the District of Alaska. And, as discussed above, this Court does not have personal jurisdiction over any of the defendants. Accordingly, this action is not filed in the proper venue and must be dismissed.

### Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[17] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[18] When a court evaluates whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[19] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[20]

Mr. Lietzke has frequently attempted to litigate his allegations against the City of Montgomery. A search of federal dockets reveals Mr. Lietzke has filed numerous complaints in numerous districts, including Alabama, California, Maine,

---

[17] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[19] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[20] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 7 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 7 of 9

Massachusetts, Michigan, Montana, Nevada, New Mexico, North Dakota, Oregon, South Dakota, and Washington.[21]  As such, Mr. Leitzke's action is frivolous because it merely repeats previously litigated claims.  Therefore, the complaint must be dismissed with prejudice for frivolousness.

## Futility of Amendment

Mr. Lietzke's complaint lacks personal jurisdiction and venue.  Under the facts alleged, Mr. Lietzke is unable to establish personal jurisdiction over the

---

[21] *See Lietzke v. City of Montgomery et al.*, 2:18-cv-00858, 2:18-cv-00395, 2:18-cv-00027, 2:18-cv-00012 (M.D. Ala. 2018); *Lietzke v. City of Montgomery et al.*, 2:18-cv-00812, 2:17-cv-00712, 2:17-cv-00711, 2:17-cv-00713, 2:17-cv-00628, 2:17-cv-00626, 2:17-cv-00614, 2:17-cv-00609 (M.D. Ala. 2017); *Lietzke v. City of Montgomery et al.*, 2:16-cv-00950 (M.D. Ala. 2016); *Lietzke v. City of Montgomery et al.*, 2:18-cv-02706, 2:18-cv-02393 (E.D. Cal. 2018); *Lietzke v. City of Montgomery et al.*, 4:18-cv-06209 (N.D. Cal. 2018); *Lietzke v. City of Montgomery et al.*, 4:16-cv-00607 (S.D. Iowa 2016); *Lietzke v. City of Montgomery et al.*, 2:17-cv-00327, 2:17-cv-00325, 2:17-cv-00326 (D. Me. 2017); *Lietzke v. City of Montgomery et al.*, 1:17-cv-11680, 1:17-cv-11677, 1:17-cv-11650, 1:17-cv-11646, 1:17-cv-11648 (D. Mass. 2017); *Lietzke v. City of Montgomery et al.*, 2:18-cv-10425, 5:18-cv-10114 (E.D. Mich. 2018); *Lietzke v. City of Montgomery et al.*, 2:17-cv-13732, 2:17-cv-12934, 2:17-cv-12935, 2:17-cv-12918, 2:17-cv-12921, 5:17-cv-12920 (E.D. Mich. 2017); *Lietzke v. City of Montgomery et al.*, 9:19-cv-00064, 9:19-cv-00063, 9:19-cv-00065 (D. Mont. 2019); *Lietzke v. City of Montgomery et al.*, 9:17-cv-000160, 9:17-cv-00130 (D. Mont. 2017); *Lietzke v. City of Montgomery et al.*, 2:18-cv-00222 (D. Nev. 2018); *Lietzke v. City of Montgomery et al.*, 2:17-cv-03137, 2:17-cv-02873, 3:17-cv-00074, 3:17-cv-00040 (D. Nev. 2017); *Lietzke v. City of Montgomery et al.*, 3:16-cv-00735, 2:16-cv-02818 (D. Nev. 2016); *Lietzke v. City of Montgomery et al.*, 1:16-cv-01296 (D.N.M. 2016); *Lietzke v. City of Montgomery et al.*, 1:16-cv-00411 (D.N.D. 2016); *Lietzke v. City of Montgomery et al.*, 3:19-cv-00563, 3:19-cv-00562, 3:19-cv-00565 (D. Or. 2019); *Lietzke v. City of Montgomery et al.*, 5:17-cv-05003, 5:17-cv-05004 (D.S.D. 2017); *Lietzke v. City of Montgomery et al.*, 5:16-cv-0511 (D.S.D. 2016); *Lietzke v. City of Montgomery et al.*, 2:17-cv-01317 (W.D. Wash 2017).

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 8 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 8 of 9

defendants. Additionally, Mr. Lietzke has previously litigated these claims in several jurisdictions making them frivolous. Therefore, amendment is futile.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED WITH PREJUDICE** for lack of personal jurisdiction and the futility of amendment.

2. The Application to Proceed in District Court without Prepaying Fees of Costs at Docket 3 is **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 11th day of June, 2019.

>  */s/ Timothy M. Burgess*
> TIMOTHY M. BURGESS
> United States District Judge

3:19-cv-00105-TMB, *Lietzke v. City of Montgomery, et al.*
Order to Dismiss
Page 9 of 9
Case 3:19-cv-00105-TMB   Document 7   Filed 06/11/19   Page 9 of 9